615 So.2d 1174 (1993)
UNITED MISSISSIPPI BANK
v.
GMAC MORTGAGE COMPANY f/k/a Norwest Mortgage, Inc.
No. 90-CA-462.
Supreme Court of Mississippi.
January 28, 1993.
Rehearing Denied April 22, 1993.
Specially Concurring Opinion on Denial of Rehearing April 22, 1993.
John T. Green, Joseph S. Zuccaro, Natchez, for appellant.
James E. Lambert, Taylor Covington Smith Lambert & Bailey, Jackson, for appellee.
Before HAWKINS, C.J., and SULLIVAN and McRAE, JJ.
Specially Concurring Opinion by Chief Justice Hawkins on Denial of Rehearing April 22, 1993.
McRAE, Justice, for the Court:
This case is appealed from the Chancery Court for the First Judicial District of Hinds County, wherein the chancellor granted summary judgment in favor of GMAC Mortgage Company ("GMAC"), finding that although Vicki Freeman did not sign the deed of trust document, both she and her husband signed documents which were made part of the deed of trust by internal reference.
Appellant United Mississippi Bank ("UMB") held a second deed of trust on homestead property owned by Harold Ray and Vicki Freeman, husband and wife. UMB sought to set aside as void a first deed of trust held by appellee GMAC on grounds that the GMAC deed of trust bears only Harold Ray Freeman's signature. Although the appellant frames three issues, the essence of the case is contained in the following question:
Where one spouse fails to sign a deed of trust relating to homestead property but signs other instruments attached thereto, is the deed of trust statutorily void?
Finding that the appearance of Vicki Freeman's signature on the two attachments to the first deed of trust satisfies the statutory signing requirements under the circumstances of this case, we affirm.

CASE HISTORY
On March 6, 1984, Harold Ray Freeman and his wife, Vicki Freeman, borrowed *1175 $138,000.00 from First City Mortgage, Inc., to refinance an existing construction loan indebtedness. The loan was secured by a deed of trust in which the Freemans pledged their homestead property as collateral.
The deed of trust consisted of four printed pages with separate blanks on page four for Harold Ray Freeman and Vicki Freeman to sign. Attached to the deed of trust was a one-page Exhibit "A" which contained a property description of the collateral, and an attached Land Deed of Trust. Both attachments were referenced on page one of the deed of trust.
Harold Ray Freeman's and Vicki Freeman's signatures appear on both the Exhibit "A" attachment and on the ARM Rider attachment. Only Harold Ray Freeman signed page four of the deed of trust instrument, however. The deed of trust was acknowledged by a notary public, and the acknowledgement indicates that both Harold Ray and Vicki Freeman executed and delivered the deed of trust. The deed of trust and the two attachments were filed for record as a single instrument on March 8, 1984. The record reveals that the Freemans had both signed other copies of the documents, including a copy of the actual deed of trust. First City Mortgage retained the other copies as internal documents and recorded the deed of trust document bearing only Harold Ray Freeman's signature.
The deed of trust was subsequently assigned by First City Mortgage to Norwest Mortgage, Inc. Norwest Mortgage, Inc., later changed its corporate name to GMAC Mortgage Company.
On June 10, 1985, Harold Ray Freeman and Vicki Freeman executed a $30,000.00 deed of trust on the same property to The American Bank in Vicksburg, an institution which subsequently sold its assets to UMB. On September 30, 1986, and on December 22, 1986, the Freemans executed two more deeds of trust on their homestead property to UMB. Each time American Bank or UMB obtained a deed of trust on the Freeman property, it obtained a certificate of title which disclosed the deed of trust to First City Mortgage.
On December 20, 1988, UMB filed suit to have the First City Mortgage deed of trust set aside as void or, in the alternative, to subordinate it to the deeds of trust benefitting The American Bank and UMB. On July 11, 1989, GMAC moved for summary judgment. In connection with the motion, GMAC filed affidavits of the notary public who acknowledged the first deed of trust, the attorney who closed the transaction, Vicki Freeman, and Harold Ray Freeman. Vicki Freeman stated in her affidavit that she intended to convey her interest in the homestead property by signing the contested deed of trust. She also stated that she signed a duplicate original deed of trust contemporaneously with the signing of the two attachments on which her signature appears.
The chancellor found that no genuine issue of material fact existed concerning the validity of the contested deed of trust and ruled that GMAC was entitled to judgment as a matter of law. The trial court subsequently denied UMB's motion for reconsideration.

DISCUSSION
UMB claims that the contested deed of trust is invalid under the following Mississippi statutes:
§ 15-3-1. Certain contracts to be in writing.
An action shall not be brought whereby to charge a defendant or other party:
.....
(c) upon any contract for the sale of lands tenements, or hereditaments, or the making of any lease thereof for a longer term than one year;
(d) upon any agreement which is not to be performed within the space of fifteen months from the making thereof ...; unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith.
§ 89-1-3. Land to be conveyed only by writing.
An estate of inheritance or freehold, or for a term of more than one year, in *1176 lands shall not be conveyed from one to another unless the conveyance be declared by writing signed and delivered.
§ 91-9-1. Trusts and confidence.
Hereafter all declarations or creations of trusts or confidence of or in any land shall be made and manifested by writing, signed by the party who declares or creates such trust, ... or else they shall be utterly void.
§ 89-1-29. Spouse must join in conveying homestead, unless adjudged insane.
A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse.
The record states that Harold Ray and Vicki Freeman are married and living together, and further indicates that the property covered by the deed of trust is homestead property. Clearly, therefore, the deed of trust is invalid if not "signed" by Vicki Freeman in the manner required by statute.
GMAC argues that since two attachments to the deed of trust bear Vicki Freeman's signature, the statutory signing requirement is satisfied. The law supports GMAC's position.
First, the two attachments on which Vicki Freeman's signature appears are considered an integral part of the deed of trust. According to Harris v. Griffith, 210 So.2d 629 (Miss. 1968), overruled in part on other grounds, Thornhill v. System Fuels, Inc., 523 So.2d 983 (Miss. 1988), the main document and other documents to which it refers must be construed together. See also United States v. Continental Casualty Co., 293 F. Supp. 816 (N.D.Miss. 1968). See generally 17 Am.Jur.2d Contracts §§ 263-64 ("Other writings ... which are referred to in a written contract may be regarded as incorporated by the reference as part of the contract."). The first page of the GMAC deed of trust makes the following reference to the ARM rider which Vicki Freeman signed: "SEE RIDER ATTACHED HERETO AND MADE A PART HEREOF." Page one of the deed of trust also refers to the property description which Vicki Freeman signed: "SEE EXHIBIT `A' ATTACHED HERETO AND MADE A PART HEREOF." Both the deed of trust and the accompanying attachments were recorded as a single document. Given the close inter-connection among the writings at issue, the lower court was correct in finding that the property description and the ARM rider were part of the GMAC deed of trust. Thus, one can fairly say that Vicki Freeman's signature appears  twice  on the contested deed of trust.
The next question is whether Vicki Freeman's signature must appear in a particular place on the deed of trust in order to qualify as a "signing" under the controlling statutes. It is important to note that all the governing statutes use the word "sign" and not the word "subscribe." Under Mississippi law, an instrument is properly "subscribed" only if the signature appears at the bottom of the document in question. A "signing," however, is not tied to a particular physical location on the writing. See Baker v. Baker's Estate, 199 Miss. 388, 24 So.2d 841 (1946). See generally 80 C.J.S. Signatures § 2 ("Generally, in the absence of a statutory requirement as to the location of a signature, the place of a signature on a writing is not controlling, ... and the signature may be sufficient ... even if it is placed on another statement or writing accompanying the instrument."). Since Vicki Freeman's signature appears on writings which constitute an integral part of the contested deed of trust, the statutory requirements are satisfied even though she neglected to sign the actual deed of trust document.
We therefore find that under the circumstances of this case, the appearance of Vicki Freeman's signature on the attachments to the deed of trust satisfies the statutory requirements. Consequently, we need not address the question of whether the trial court improperly admitted extrinsic evidence of Vicki Freeman's intent to sign the actual deed of trust document.
The judgment of the trial court is affirmed.
AFFIRMED.
*1177 HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, ROBERTS and SMITH, JJ., concur.

ON PETITION FOR REHEARING
Petition for Rehearing Denied.
HAWKINS, C.J., specially concurs in the denial of the petition for rehearing with separate written opinion joined by PRATHER, P.J., and BANKS and ROBERTS, JJ.

SPECIAL CONCURRENCE ON PETITION FOR REHEARING
HAWKINS, Chief Justice, specially concurring:
I concur with the majority in the denial of the petition for rehearing in this case for the reason that Mrs. Freeman acknowledged before the notary that she had signed the deed of trust.
PRATHER, P.J., and BANKS and ROBERTS, JJ., join this opinion.