IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-60715

HAROLD DONALD GALEY; MARGARET M GALEY

Plaintiffs - Appellees

v.

WORLD MARKETING ALLIANCE; WORLD MARKETING ALLIANCE
SECURITIES INC

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Mississippi

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

World Marketing Alliance and World Marketing Alliance Securities
(collectively "WMAS") appeal the district court's denial of their motion to compel
arbitration and to stay judicial proceedings pursuant to the Federal Arbitration
Act ("FAA"), 9 U.S.C. § 3.[1]  WMAS argues that the district court should have
granted its motion as the language of the arbitration agreement at issue

---

[1]  Title 9, Section 3 provides: "If any suit or proceeding be brought in any of the courts
of the United States upon any issue referable to arbitration under an agreement in writing for
such arbitration, the court in which such suit is pending, upon being satisfied that the issue
involved in such suit or proceeding is referable to arbitration under such an agreement, shall
on application of one of the parties stay the trial of the action until such arbitration has been
had in accordance with the terms of the agreement, providing the applicant for the stay is not
in default in proceeding with such arbitration."

unambiguously compels arbitration. For the reasons presented below, we AFFIRM the district court's denial of the motion to compel arbitration and DISMISS this appeal.

I.

Harold Donald Galey and Margaret M. Galey filed suit against WMAS in Mississippi state court. The Galeys presented causes of action for negligence and breach of fiduciary duty, maintaining that WMAS caused them to suffer losses in allegedly unsuitable investments. WMAS removed the suit to the United States District Court for the Northern District of Mississippi, Greenville Division. WMAS then filed a motion to compel arbitration and to stay judicial proceedings pursuant to the arbitration agreement signed by the Galeys when they opened their WMAS account.

The arbitration agreement provides that "any controversy arising out of or related to my (our) accounts, the transactions with WMAS, its officers, directors, agents. . . shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. (NASD). Such arbitration shall follow the procedures as set forth by a national arbitration committee of the NASD." The agreement further provides that "I (we) understand that: (1) ARBITRATION IS FINAL AND BINDING ON THE PARTIES (I.E., YOU AND WMAS). (2) YOU AND WMAS ARE WAIVING RIGHTS TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL."

The Galeys opposed WMAS's motion to compel arbitration and stay judicial proceedings. The Galeys played their only card: WMAS had allowed its membership in the NASD to lapse in 2000, a fact that WMAS could not dispute. This card turned out to be a trump: NASD Rule 10301 provides that a claim involving a member whose membership has been terminated, suspended, cancelled, or revoked shall be ineligible for arbitration under the NASD Code of

Arbitration Procedure. The Galeys argued that the claim at issue was ineligible for arbitration and the district court agreed. Thus, the district court denied WMAS's motion and WMAS has filed this interlocutory appeal.

## II.

Before reaching the determinative questions in this appeal, we touch on a few preliminaries. Because the district court denied WMAS's motion to compel arbitration and to stay judicial proceedings, this court has jurisdiction over this appeal pursuant to 9 U.S.C. § 16(a)(1)(A).[2] See May v. Higbee Co., 372 F.3d 757, 761-62 (5th Cir. 2004). We review de novo a district court's denial of a motion to compel arbitration and to stay judicial proceedings pursuant to the FAA. Tittle v. Enron Corp. 463 F.3d 410, 417 (5th Cir. 2006).

Although there are various rules for determining whether to grant a motion to compel arbitration, this case turns on a single and fundamental rule: Arbitration is a matter of contract, and, absent federal law to the contrary, this court must apply the contract law of the particular state that governs the agreement to determine whether the parties agreed to arbitrate the dispute in question. Id. at 419. Both parties acknowledge that this means Mississippi state law applies here.

## A.

WMAS first argues that the arbitration agreement at issue should be interpreted to allow arbitration to proceed in any arbitration forum, including but not limited to the NASD. We have found no Mississippi case that interprets language like that presented in the agreement at issue. However, several federal circuit courts have indicated that clauses—like the one at issue here—providing for arbitration "in accordance with" a particular set of rules should be interpreted as forum selection clauses. See, e.g., In re Solomon Inc.

---

[2] Title 9, Section 16(a)(1)(A) provides: "(a) An appeal may be taken from–(1) an order–(A) refusing a stay of any action under section 3 of this title. . . ."

S'holders' Derivative Litig., 68 F.3d 554, 558 (2d Cir. 1995) (holding that language agreeing to arbitration "in accordance with the [NYSE] Constitution and rules" limited the forum of arbitration to the NYSE); PaineWebber Inc. v. Rutherford, 903 F.2d 106, 108 (2d Cir. 1990) (holding similar language to be an agreement to arbitrate only before the self-regulatory organizations whose rules were to be applied); Roney & Co. v. Goren, 875 F.2d 1218, 1223 (6th Cir. 1989) (same); Luckie v. Smith Barney, Harris Upham & Co., 999 F.2d 509, 514 (11th Cir. 1993) (same). We now join these courts of appeals by holding that, absent state law to the contrary, the language of the arbitration agreement at issue, requiring "arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. (NASD)," constitutes a forum selection. Under the arbitration agreement, the parties have agreed that the NASD is the only appropriate forum for this dispute. Here, then, the principal question is whether we should order arbitration before the NASD.

B.

In order to determine this question, we must first consider whether the parties are bound to arbitrate under the NASD rules. The resolution of this question depends on whether these rules are incorporated into the arbitration agreement.

Under Mississippi law, if a contract incorporates another document by reference, then both documents must be read together to give full effect to the intent of the parties. See United Mississippi Bank v. GMAC Mortgage Co., 615 So. 2d 1174, 1176 (Miss. 1993). The agreement at issue provides for "arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. (NASD). Such arbitration shall follow the procedures as set forth by a national arbitration committee of the NASD." We hold that this language incorporates the NASD rules by reference. Indeed, we believe this point is beyond dispute.

This conclusion means that NASD Rule 10301, which provides that a claim involving a member whose membership has been terminated, suspended, cancelled, or revoked shall be ineligible for arbitration under the NASD Code of Arbitration Procedure, is incorporated into the arbitration agreement. It is undisputed that WMAS is no longer a member of the NASD. There remains for determination, then, whether, given Rule 10301 and the fact that WMAS is no longer an NASD member, it is appropriate for this court nevertheless to compel arbitration.

C.

WMAS argues that, even if the NASD rules are incorporated into the agreement, the parol evidence rule prohibits consideration of the fact that WMAS's NASD membership has terminated. The argument's centerpiece is that an unambiguous contract must be enforced as written, without resort to parol evidence to ascertain the parties' intent or vary the terms of the agreement. This premise of course is true, but the argument does not fit here.

The parol evidence rule is intended to "prohibit the admission of evidence which is offered for the purpose of contradicting the plain unambiguous terms of a writing." Thornhill v. Chapman, 748 So.2d 819, 823 (Miss. App. 1999) (noting that the "terms of the writing may not be varied or contradicted by evidence of any prior written or oral agreement"). Considering WMAS's membership status only serves to apply the referenced NASD rules and so does not in any way vary the terms of the agreement. Accordingly, considering WMAS's NASD membership status does not violate the parol evidence rule.

D.

We have thus far held: that the parties agreed that the NASD is the only appropriate forum for this dispute; that the NASD rules are incorporated into the agreement; and that the parol evidence rule does not preclude consideration of WMAS's NASD membership status. We now turn to consider WMAS's final

argument: that NASD Rule 10301 is severable from the remainder of the arbitration agreement. The focus of this argument is the contention that NASD Rule 10301 is a minor consideration that should be severed in favor of the controlling intent of the parties to settle any and all disputes through arbitration.

It is true that this court has noted that a provision of an arbitration agreement is severable if the intent of the parties at the time of the agreement demonstrates that "the essence, the essential term, of the bargain was to arbitrate, while the" provision at issue "was merely a minor consideration." Nat'l Iranian Oil Co. v. Ashland Oil. Co., 817 F.2d 326, 333 (5th Cir. 1987). NASD Rule 10301, however, is not a minor consideration of the arbitration agreement at issue. This conclusion is clear from the policy that motivated the adoption of Rule 10301. In approving the rule, the Securities Exchange Commission explained that the rule was designed to protect customers from "terminated, suspended, barred, or otherwise defunct firms [that] have a significantly higher incidence of non-payment of arbitration awards than do active firms." Order Approving Proposed Change to NASD Rule 10301, 66 Fed. Reg. 19267-01 (Apr. 13, 2001) (emphasis added). In the light of this policy, it is apparent that Rule 10301 was adopted to serve a critical purpose and that it is an essential term of the arbitration agreement at issue. Rule 10301 protects customers; it is not simply a minor logistical consideration ancillary to the arbitration agreement; and so it is not severable from the remainder of the arbitration agreement at issue.

## III.

To review: The arbitration agreement at issue indicates the NASD is the only appropriate arbitration forum for this dispute and that the parties are bound to arbitrate under the NASD rules. Further, WMAS's argument that the parol evidence rule prohibits consideration of WMAS's NASD membership status

fails, as the NASD rules are incorporated by reference into the agreement and as consideration of WMAS's NASD membership status only serves to apply the incorporated rules. Finally, WMAS's argument that NASD Rule 10301 should be severed from the agreement also fails, as Rule 10301 is not merely a minor consideration ancillary to the agreement.

There is therefore no reason not to enforce the forum selection provision of the arbitration agreement. Moreover, under NASD Rule 10301, which was incorporated into the arbitration agreement by reference, the chosen forum is no longer available, as WMAS allowed its NASD membership to lapse. Absent the availability of that exclusive forum, there is no other forum to which the court may send the parties to arbitrate. Accordingly, and for the reasons given above, we AFFIRM the district court's denial of the motion to compel arbitration and DISMISS this appeal.