# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-00299-SCT

*DELTA REGIONAL MEDICAL CENTER*

*v.*

*MILTON GREEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2009 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | L. CARL HAGWOOD |
| | MARY FRANCES STALLINGS-ENGLAND |
| ATTORNEY FOR APPELLEE: | GEORGE F. HOLLOWELL, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 07/22/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     This case comes before the Court on interlocutory appeal from the Washington County Circuit Court. Milton Green filed a complaint against Delta Regional Medical Center (DRMC) alleging medical malpractice. DRMC filed a motion to dismiss on the ground that Green filed his complaint in violation of the 120-day tolling period found in Section 11-46-11(3) of the Mississippi Code. DRMC argues that the circuit court erred when it denied DRMC's motion to dismiss.[1] Aggrieved, DRMC filed this interlocutory appeal.

---

[1] The trial court treated DRMC's motion to dismiss as a motion for summary judgment because it considered matters outside the pleadings when it decided the motion.

**FACTS AND PROCEEDINGS**

¶2.     DRMC treated Milton Green from approximately July 26, 2007, through September 13, 2007.[2] Green claimed that DRMC failed to treat him properly during his hospitalization, which resulted in his development of ulcers and his transfer to Select Specialty Hospital in Jackson, Mississippi. During the four-week stay at Select Specialty Hospital, Green was treated for a Stage IV sacral ulcer which had progressed to an infection of the bone. Select Specialty Hospital transferred Green to Central Mississippi Medical Center for further treatment. After several weeks at Central Mississippi Medical Center, Green was released on November 30, 2007, and continued treatment at home.

¶3.     Green's attorney sent a Notice of Claim by certified mail to several medical providers including DRMC on or about May 28, 2008. The record shows that DRMC received a copy of the Notice of Claim on May 29, 2008. Green's attorney sent a second Notice of Claim by certified mail on June 23, 2008, addressed solely to DRMC through its chief administrator. DRMC received the second Notice of Claim on June 24, 2008. Green filed his complaint on September 23, 2008, 117 days after DRMC received the first Notice of Claim and ninety-one days after DRMC received the second Notice of Claim. Green served DRMC with the summons and complaint on October 3, 2008.

¶4.     DRMC filed a motion to dismiss, along with an answer and defenses, alleging the complaint was filed within the tolling period provided by the Mississippi Tort Claims Act

---

[2] This opinion does not hold that the statute of limitations began to run on September 13, 2007. The record does not reflect when the statute of limitations began to run and neither party raises the issue. DRMC treated Green on and off from approximately July 26, 2007, to September 13, 2007, during which time Green allegedly suffered improper treatment.

(MTCA).  DRMC later filed a Notice of Hearing on its motion. The circuit court held a hearing in which both parties presented arguments.  DRMC argued that the statute required Green to wait 120 days before filing suit pursuant to Mississippi Code Section 11-46-11(3). *See* Miss. Code Ann. § 11-46-11-(3) (Rev. 2002).  Green claimed that he had correctly followed the statute and existing caselaw, which required only that he wait ninety days after DRMC received the Notice of Claim to file suit.

¶5.     The circuit court issued a ruling on February 10, 2009.  In its order, the circuit court held that Green had complied with the requirements set out in Mississippi Code Section 11-46-11, and that Mississippi Code Section 11-46-11(1) set out the time period for presuit notice for all defendants filing under the Mississippi Tort Claims Act at ninety days. *See* Miss. Code Ann. §  11-46-11(1) Rev. 2002).  Additionally, it held that Section 11-46-11(3) of the Mississippi Code defined the tolling period for purposes of calculating the statute of limitations, and that § 11-46-11(3) did not establish a second and longer presuit notice requirement. *See* Miss. Code Ann § 11-46-11(2) (Rev. 2002).  Based on these reasons, the circuit court denied DRMC's motion.  DRMC filed this appeal.

## DISCUSSION

¶6.     This interlocutory appeal centers around the interpretation of Mississippi Code Section 11-46-11(3) in conjunction with Mississippi Code Section 11-46-11(1).  Statutory interpretation is reviewed de novo since it is a question of law.  ***Page v. Univ. of So. Miss.***, 878 So. 2d 1003, 1004-1005 (Miss. 2004).  Additionally, this Court reviews a trial court's denial of a motion for summary judgment de novo. ***Monsanto v. Hall***, 912 So. 2d 134, 136 (Miss. 2005).

3

¶7.    On appeal, DRMC argues that the circuit court erred in denying DRMC's motion to dismiss. Specifically, DRMC bases its appeal on the ground that Green allegedly filed his complaint in violation of the 120-day tolling period found in Section 11-46-11(3) of the Mississippi Code. *See* Miss. Code Ann. § 11-46-11(3) (Rev. 2002). Green contends that he followed the notice requirement in Section 11-46-11, as he waited more than ninety days to file his complaint. *See* Miss. Code Ann § 11-46-11-(1) (Rev. 2002). We agree with Green and affirm the trial court's denial of DRMC's motion to dismiss.

**Whether the trial court erred in denying DRMC's motion to dismiss.**

¶8.    The Mississippi Tort Claims Act (MTCA) provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a claim or suit. *See* Miss. Code Ann. § 11-46-7(1) (Rev. 2002). *See also **Bolivar Leflore Med. Alliance, LLP v. Williams***, 938 So. 2d 1222, 1226 (Miss. 2006) (citing ***L.W. v. McComb Separate Mun. Sch. Dist.***, 754 So. 2d 1136, 1138 (Miss. 1999)). DRMC, a community hospital in Washington County, Mississippi, is protected by the MTCA because it qualifies as a governmental entity.[3] *See* Miss. Code Ann. §§ 11-46-1(g) and 11-46-1(i) (Rev. 2002). As such, Section 11-46-11 of the Mississippi Code governs issues concerning the statute of limitations and notice requirements for suits filed against a governmental entity or its employee. Miss. Code Ann. § 11-46-11 (Rev. 2002).

---

[3] The parties do not dispute that DRMC is a "community hospital," as it falls under the definition of "political subdivision" provided in Mississippi Code Section 11-46-1(i). Further, the trial court found DRMC to be a political subdivision of the State of Mississippi pursuant to Mississippi Code Section 11-46-1 (Rev. 2002) in its order denying DRMC's motion to dismiss.

4

¶9.     Mississippi Code Section 11-46-11(1) provides, in relevant part:

> (1)  After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, *that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.*

Miss. Code Ann. § 11-46-11(1) (Rev. 2002) (emphasis added).  This subsection must be read in conjunction with Mississippi Code Section 11-46-11(3), which states, in pertinent part:

> (3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; *provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive  officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim.*  After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice.  However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.

Miss. Code Ann. § 11-46-11(3) (Rev. 2002) (emphasis added).

¶10.    We admit that prior caselaw interpreting Mississippi Code Section 11-46-11 is ambiguous.  In fact, this Court stated such in ***Page v. The University of Southern Mississippi***, 878 So. 2d 1003, 1005 (Miss. 2004) ("Present case law interpreting Miss. Code Ann. § 11-46-11 is admittedly ambiguous.").  Where ambiguity exists, this Court will adhere to the principles of statutory construction.  ***Oktibbeha County Hosp. v. Miss. State Dep't of***

*Health*, 956 So. 2d 207, 212 (Miss. 2007) (Carlson, J., dissenting). "[I]n construing a statute, the Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the real meaning of the Legislature." *Price v. Clark*, 21 So. 3d 509, 519 (Miss. 2009) (citing *Evans v. Boyle Flying Service, Inc.*, 680 So. 2d 821, 825 (Miss. 1996)).

¶11.    Subsection (3) of Section 11-46-11 contains the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim." Miss. Code Ann. § 11-46-11(3) (Rev. 2002). A close reading of Subsection (3) and the quoted phrase leaves this Court with two plausible conclusions regarding when a claimant may file an action against a state agency or political subdivision. By one construction, a claimant is required to wait 95 or 120 days before filing the complaint. Under a different reading of the same subsection, it is plausible to find that Subsection (3) serves only to toll the statute of limitations and nothing more. We find that neither construction accurately reflects the purpose of the statute or the intent of the Legislature.

> **A.    Whether the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" requires a claimant to wait 95 or 120 days before filing a complaint.**

¶12.    DRMC argues that the plain language of Section 11-46-11(3) extends the presuit notice requirement laid out in Section 11-46-11(1) and prohibits a claimant from filing a complaint within the specified 95 or 120 days. But DRMC's interpretation of Section 11-46-11(3) is flawed, as this construction places Subsection (3) in direct conflict with Subsection (1). Section 11-46-11(1) requires a party to file a notice of claim ninety days prior to

6

maintaining an action against a governmental entity. Miss. Code. Ann. § 11-46-11(1) (Rev. 2002). And this Court's precedent requires strict compliance with the ninety-day-notice requirement. ***Price v. Clark***, 21 So. 3d 509, 518 (Miss. 2009) (citations omitted) ("Strict compliance with statutory notice is required . . . .").[4] The claimant may, however, file a complaint before the ninety-day notice period if the claimant receives a denial of notice of claim. ***Lee v. Mem'l Hosp.***, 999 So. 2d 1263, 1268 (Miss. 2008); Miss. Code. Ann. § 11-46-11(3) (Rev. 2002). Thus, we cannot say the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" found in Subsection (3) extends the presuit-notice requirement to either 95 or 120 days, as this construction is inconsistent with the plain language of Subsection (1).

¶13. Further, if a statute is susceptible to more than one construction, "it must be given that which will best effect its purpose, rather than one which would defeat it." ***Thornhill v. Ford***, 56 So. 2d 23, 30 (Miss. 1952). DRMC's interpretation of Subsection (3) defeats the purpose of the statute because it renders Subsection (1) unnecessary. Thus, DRMC's interpretation of the phrase at issue cannot mean what DRMC claims it does.

---

[4] *See also* ***Bunton v. King***, 995 So. 2d 694, 695-696 (Miss. 2008) (citation omitted) (holding "the ninety-day notice requirement under Section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces."); ***Long v. Mem'l Hosp. at Gulfport***, 969 So. 2d 35, 41 (Miss. 2007) (citation omitted) ("Mississippi law now requires strict compliance with the ninety-day notice requirement in the Mississippi Tort Claims Act."); ***South Cent. Reg'l Med. Ctr. v. Guffy***, 930 So. 2d 1252, 1259 (Miss. 2006) ("[I]n ***Easterling***, 928 So. 2d at 819, 2006 WL 871302 *5, this Court has gone further and adopted strict compliance as to the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1)."); ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 819-20 (Miss. 2006) (strict compliance required.).

**B.** **Whether the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" refers to the ninety-day notice requirement in Section 11-46-11(1).**

¶14.    Green opines that the time periods set out in Subsection (3) are solely for the purpose of calculating when the statute of limitations has been tolled. This certainly is the more logical construction of Subsection (3), even though such a construction is not within the literal interpretation of the statute.  But we cannot assume this with confidence since the "best evidence of the legislative intent comes directly from the text of the statute." ***Pegram v. Bailey***, 708 So. 2d 1307, 1314 (Miss. 1997).  The language at issue reads:

> (3) . . . provided, however, that the <u>filing of a notice of claim</u> as required by subsection (1) of this section <u>shall serve to toll the statute of limitations for a period of ninety-five (95) days</u> from the date the chief executive  officer of the state agency receives the notice of claim, <u>or for one hundred twenty (120) days</u> from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, <u>during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim</u> . . . .

Miss. Code Ann. § 11-46-11(3) (Rev. 2002) (emphasis added).

¶15.    A plain reading of Subsection (3) calls for the claimant to wait 95 or 120 days before filing the complaint, as the only time period the phrase "during which time"could literally refer to is either the 95 or 120 days previously mentioned in Subsection (3). Again, such a construction defeats the purpose of the statute and does not reflect legislative intent.

¶16.    In light of the these reasons, we are left with no choice but to find the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" found in Section 11-46-11(3) unenforceable.

8

## C. Application.

¶17. It is well-established that, once the claimant has met the notice requirements of Section 11-46-11(1), the claimant may file suit.[5] The problem, however, lies within Section 11-46-11(3). As written, the phrase in Subsection (3) sits in direct conflict with the ninety-day-notice requirement found in Section 11-46-11(1). Today, we clarify Subsection (3) and hold the phrase "during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim" to be unenforceable.[6] From this day forward, Section 11-46-11(3) serves only to toll the statute of limitations. To hold otherwise would work an illogical burden on the claimant.

¶18. In the instant appeal, Green sent the first Notice of Claim on May 28, 2008, and the second Notice of Claim, addressed solely to DRMC, on June 23, 2008.[7] The record reveals that DRMC received Green's Notice of Claim on June 24, 2008. Green did not receive a denial of Notice of Claim from DRMC, thus Green was required to wait ninety days pursuant to Mississippi Code Section 11-46-11(1) before filing his complaint. *See* Miss. Code Ann. § 11-46-11(1) (Rev. 2002). Green filed his complaint on September 23, 2008, *ninety-one days* after DRMC had received notice.[8] It is clear from the record that Green complied with

---

[5] As stated previously, a claimant may file his or her complaint before the ninety-day notice period ends *if* the claimant receives a denial of notice of claim. ***Lee v. Mem'l Hosp.***, 999 So. 1263, 1268 (Miss. 2008); Miss. Code. Ann. § 11-46-11(3) (Rev. 2002).

[6] Of course, the Legislature can change the language of the statute should it disagree with this Court's findings regarding Mississippi Code Section 11-46-11(3).

[7] The trial court's order refers only to Green's June 23, 2008, Notice of Claim.

[8] The trial court also notes in its order denying DRMC's motion to dismiss that "[A]ll parties agreed the ninety one day count was accurate."

Mississippi Code Section 11-46-11(1), as he waited the requisite ninety days to "maintain an action" against DRMC.

¶19. Further, DRMC's status as a political subdivision under Mississippi Code Section 11-46-1(i) tolled the statute of limitations for a period of 120 days after DRMC received the Notice of Claim from Green. *See* Miss. Code Ann. § 11-46-1(i) (Rev. 2002). The record shows that DRMC received the Notice of Claim on June 24, 2008. Thus, the statute was tolled until October 22, 2008. Green filed the complaint against DRMC on September 23, 2008, well within the time allotted by the statute.

## CONCLUSION

¶20. Accordingly, we find no error in the trial court's order denying DRMC's motion to dismiss, and we affirm the order and remand the case to the trial court for further proceedings.

¶21. **AFFIRMED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR.**