# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60175

BURNETTE AVAKIAN,

> Plaintiff - Appellee

v.

CITIBANK, N.A.,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Mississippi

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Defendant-Appellant Citibank, N.A. ("Citibank") appeals the district court's declaratory judgment in favor of Burnette Avakian ("Burnette"). The district court found that the deeds of trust signed by Burnette and her husband, Norair Avakian ("Norair"), were void because the Avakians signed separate but identical deeds of trust rather than a single instrument. The district court correctly recognized that, under Mississippi law, a deed of trust on a husband and wife's homestead is void if it is not signed by both spouses. But we find that the Mississippi Supreme Court would likely hold that a valid deed of trust is created when a husband and wife contemporaneously sign

No. 14-60175

separate but identical deeds of trust.    Accordingly, we REVERSE and REMAND.

## FACTS AND PROCEEDINGS

The relevant facts are essentially uncontested.[1]    The Avakians purchased a house by borrowing money that was secured by a properly-executed deed of trust on the property.  The property served as the Avakians' homestead, where they lived together.[2]  Citibank later refinanced the loan.[3] Unlike the original loan, the note for the refinancing loan only listed Norair as the debtor.  As part of the process of refinancing the loan, Citibank required that the Avakians execute another deed of trust on the property.  Norair signed the Citibank deed of trust.  The next day, Burnette signed a second, identical Citibank deed of trust.[4]  The deeds of trust did not mention each other, and they did not contain a clause about the signature of counterpart documents. But, throughout the process of signing the deeds of trust, Burnette and Norair agreed to proceed with the refinancing.  Citibank recorded the two deeds of trust as separate instruments, although it recorded them back-to-back in the land records.

---

[1] The only contested fact issue is which party requested that the Avakians sign different deeds of trust.  This issue is irrelevant to whether the deeds of trust are valid under the Mississippi statute.  *See* Miss. Code Ann. § 89-1-29.

[2] At the district court level, Citibank challenged whether the property was actually the Avakians' homestead and whether they were living together when they signed the Citibank deeds of trust.  Citibank has not appealed the district court's findings on these issues.

[3] The refinancing loan was originally issued by EquiFirst Corporation, but it was later transferred to Citibank.  For simplicity, the parties have treated the second loan as if it were issued by Citibank, and we do the same.

[4] The deeds of trust actually have slightly different handwritten notations that add Burnette's name to the definition of "Borrower."  Burnette testified at a deposition that the handwritten notation was added to her copy of the deed of trust after she signed it.  The parties have not made an issue about this discrepancy, however.

2

No. 14-60175

The Avakians fell behind on their loan payments, and they received a loan modification. Around the time of Norair's death, Burnette received notice that Citibank was taking steps to foreclose on their property. Burnette continued to negotiate with Citibank to attempt to prevent the foreclosure.

After Norair's death, Burnette brought a declaratory judgment action in Mississippi state court to halt Citibank's foreclosure of her property. Citibank removed the case to federal court on the basis of diversity jurisdiction. It then moved for summary judgment, arguing that the deeds of trust were valid and, in the alternative, it should prevail under the equitable subrogation doctrine. The district court informed the parties that it was considering granting summary judgment to Burnette. In additional briefing, Citibank argued that the district court should not grant summary judgment to Burnette because there were genuine issues of material fact regarding Citibank's affirmative defenses of waiver, estoppel, ratification, laches, and recoupment. The district court granted summary judgment to Burnette in part. It found that, if Burnette and Norair were living together at the time they signed the Citibank deeds of trust, the instruments were invalid and Citibank could not prevail on any of its equitable theories. Citibank appeals both of these holdings.

After a bench trial, the district court found that Burnette and Norair were living together at the time they signed the Citibank deeds of trust.[5] Thus, it granted Burnette's motion for declaratory judgment.

## STANDARD OF REVIEW

This court reviews the grant of summary judgment de novo. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). "In this diversity action, we apply Mississippi law as interpreted by the Mississippi state courts." *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 243 (5th Cir. 2012). If the

---

[5] Again, Citibank does not appeal this factual finding.

3

No. 14-60175

Mississippi Supreme Court has not directly ruled on an issue, we make an *Erie* guess, relying on:

> (1) decisions of the Mississippi Supreme Court in analogous cases, (2) the rationales and analyses underlying Mississippi Supreme Court decisions on related issues, (3) dicta by the Mississippi Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which Mississippi courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.

*Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

## DISCUSSION

Mississippi Code § 89-1-29 provides that:

> A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney in fact for the spouse.

An instrument that does not satisfy this statute is void and inoperative, even as to the spouse who signed the instrument. *Welborn v. Lowe*, 504 So. 2d 205, 207-08 (Miss. 1987).

Here, it is undisputed that the property was the Avakians' homestead and that they were living together when they executed the deeds of trust. Accordingly, to produce a valid deed of trust, both Burnette and Norair had to sign it. It is also undisputed that Burnette and Norair separately signed identical counterpart deeds of trust within one day of each other. The problem is that neither deed of trust was signed by both Avakians.

The district court's opinion takes it for granted that the Citibank deeds of trust do not comply with the requirements of Mississippi Code § 89-1-29. But the statute does not explicitly require that both spouses sign the same document to create a valid deed of trust. It seems consistent with the statute to construe the two Citibank deeds of trust as together presenting one

4

integrated deed of trust that complies with Mississippi Code § 89-1-29. After all, the parties clearly intended to create a valid deed of trust at the time they executed the two identical counterpart instruments.

"In construing a statute, the Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the real meaning of the Legislature." *Delta Reg'l Med. Ctr. v. Green*, 43 So. 3d 1099, 1102 (Miss. 2010) (internal quotation marks and alteration omitted). Here, the statute was originally passed "primarily as a protection for the wife in lieu of dower which had been abolished by statute." *Hudson v. Bank of Leakesville*, 249 So. 2d 371, 373 (Miss. 1971) (quoting *Grantham v. Ralle*, 158 So. 2d 719, 724 (Miss. 1963)). Mississippi Code § 89-1-29 provided this protection by "prevent[ing] her husband from conveying or encumbering the homestead without the consent of his wife." *Id.* The statute has since been amended to afford both spouses the same protection. But the "basic purpose" of protecting each spouse remains. *See id.* at 373 (describing this "basic purpose"). Here, construing the two Citibank deeds of trust together comports with this "basic purpose" of protecting the spouses because the deeds of trust provide a clear written record of the Avakians' contemporaneous consent to the creation of a deed of trust.

Moreover, while no Mississippi case law is directly on point, several decisions indicate that we should not take an overly formalistic approach to Mississippi Code § 89-1-29. First, an old Mississippi Supreme Court case contains dicta that clearly supports Citibank's position:

> There is *much force in the argument* of defendant's counsel *that the statute does not require a joint deed of husband and wife* for the conveyance of the husband's homestead, but only that the wife should "sign" the husband's deed to signify her consent to the disposition made by the husband of his property; *that the substantial thing is the written evidence of such consent; and that this may be as certainly shown by a separate instrument as by*

5

*signing the deed of the husband.* The present controversy does not call for a decision of what would be the effect of such separate deed made by the wife under the direction or consent of the husband, and we express no opinion on the subject. We are, however, of opinion that whatever be the form, it is, at least, essential to show the contemporaneous assent of both husband and wife to the conveyance.

*Duncan v. Moore*, 7 So. 221, 221-22 (Miss. 1890) (emphases added). Here, it is uncontested that the Avakians both expressed contemporaneous assent to the creation of a deed of trust when they signed the two documents.[6] Thus, the situation here is precisely described by the *Duncan* dicta, and there is "much force in the argument" that the deeds of trust, taken together, comply with the statute.

Burnette emphasizes that *Duncan* is only dicta, but she has pointed to no other Mississippi Supreme Court decision that undermines it. Thus, *Duncan* is an important guide in making our *Erie* guess. *See Keen*, 702 F.3d at 244 (holding that "the decisions and dicta of the Mississippi Supreme Court weigh more heavily in our *Erie* analysis" than even a holding from the Mississippi Court of Appeals (alteration omitted)); *Centennial Insurance*, 149 F.3d at 382 (listing state supreme court dicta as a factor in making an *Erie* guess).

Second, a much more recent Mississippi Supreme Court case found a deed of trust valid where the wife signed only its attachments, not the deed of trust itself. *United Miss. Bank v. GMAC Mortg. Co.*, 615 So. 2d 1174, 1176

---

[6] Despite the one-day delay in Burnette's signature of the deed of trust, the assent was contemporaneous because it is uncontested that Norair knew of and consented to Burnette's signature of the deed of trust, and vice versa. *See Howell v. Hill*, 48 So. 177, 177 (Miss. 1909) ("While it is true that the husband signed and acknowledged the deed conveying the homestead in September, and the wife's signature and acknowledgment bear date of the May following, yet both signed the same instrument in furtherance of an intention to which there was manifestly a common and contemporaneous assent . . . . In the case before us the wife signed with the full knowledge and consent of the husband, and this is surely sufficient.").

(Miss. 1993). There, the deed of trust itself was four pages long and contained lines for both spouses' signatures on the fourth page. *Id.* at 1175. The deed of trust attached an exhibit that described the land that would be used as collateral, as well as an adjustable-rate-mortgage rider. *Id.* Both spouses signed the two attachments, but only the husband signed the deed of trust. *Id.* at 1175-76. The deed of trust mentioned the attached exhibit and rider, and they were all recorded as a single instrument. *Id.* The Mississippi Supreme Court found that the attached documents were "an integral part of the contested deed of trust," and therefore signing the separate documents was sufficient. *Id.* at 1176. The Court based its decision in part on the fact that Mississippi Code § 89-1-29 requires the spouses to "sign" rather than "subscribe" to the deed of trust. *Id.* Under Mississippi law, the physical location of a signature is critical for "subscribing" but not for "signing." *Id.* Thus, the Court reasoned that the location of the signature was not critical to comply with Mississippi Code § 89-1-29. *Id.*

Here, the identical counterpart deeds of trust were also integral to each other, so the different physical locations of the spouses' signatures should not matter. Obviously, though, this case differs from *GMAC* in at least three respects: the two deeds of trust were not attached to each other at the time of signature, they did not refer to each other, and they were not recorded as a single instrument. But, under Mississippi law, separate documents can be construed together to form a single instrument if they "are executed at the same time, by the same parties, as part of the same transaction." *Sullivan v. Mounger*, 882 So. 2d 129, 135 (Miss. 2004). Such documents may be construed together even if they do not "include a written provision which specifically recites that all documents are part of an integrated, or global, transaction." *Sullivan v. Protex Weatherproofing, Inc.*, 913 So. 2d 256, 259-60 (Miss. 2005). Here, the two identical Citibank deeds of trust, which were signed within one

day of each other, are clearly part of one global transaction, so they can be construed together.  Similarly, the two documents do not have to be attached to each other to form an integrated document.  *See id.* at 260-61 (construing two documents together without mentioning whether they were attached).  Finally, the fact that Citibank recorded the Avakians' two deeds of trust as separate instruments is irrelevant because recording an instrument does not alter whether it is effective as between the parties, which is the matter at issue here.  *See* Miss. Code Ann. § 89-5-3 (providing that unrecorded instruments are valid "as between the parties and their heirs").  Thus, the factual distinctions between this case and *GMAC* should not alter the end result that the Avakians created a valid deed of trust, even though they signed it at different places.

Burnette argues that *GMAC* is inapplicable because, there, the Mississippi Supreme Court construed the attachments as being part of the deed of trust itself.  But she does not explain why the Court would not similarly consider the Avakians' identical counterpart deeds of trust as making up one integrated whole.  And, as mentioned previously, Mississippi Supreme Court precedent strongly suggests that the Court would construe them together.

Further, in finding that the deeds of trust were void, the district court did not mention *GMAC* or *Duncan*.  Instead, it relied on cases that generally hold that a deed of trust must strictly comply with Mississippi Code § 89-1-29.  Unlike *GMAC* and *Duncan*, none of the cases cited by the district court deal with instruments that contain the spouses' signatures at different physical locations (as in *GMAC*) or the contemporaneous signature of separate instruments (as in *Duncan*).[7]

---

[7] One case cited by the district court, *Craddock v. Brinkley*, 671 So. 2d 662 (Miss. 1996), involves the signature (but not the *contemporaneous* signature) of two separate documents.  Curiously, Burnette barely mentions this case in her appellate brief.  Regardless,

No. 14-60175

Similarly, on appeal, Burnette does not point to any cases that are as analogous as *GMAC* and *Duncan*. Instead, she argues that policy reasons counsel against considering the two separate instruments together. For example, she argues that difficulties could arise if two instruments contained different terms. But that is not the situation presented here, and we need not decide whether two instruments containing different terms could satisfy Mississippi Code § 89-1-29. We similarly need not decide the outcome of Burnette's various other hypotheticals.

Burnette also argues that Citibank cannot foreclose on two instruments at the same time. But we construe the two Citibank deeds of trust as together creating a single, valid deed of trust. Accordingly, if Citibank decides to pursue foreclosure, it must rely upon a single deed of trust, albeit one that is composed of two identical counterpart deeds of trust that are recorded back-to-back in the land records.

Thus, based on *Duncan* and *GMAC*, we conclude that the Mississippi Supreme Court would likely construe the two identical deeds of trust as

---

it is readily distinguishable. In *Craddock*, the husband signed a deed of trust in 1974, but the wife did not sign it or any other deed of trust. *Id.* at 665. A year later, the husband and wife both signed a promissory note secured by the 1974 deed of trust. *Id.* The Mississippi Supreme Court found that the wife's subsequent act of signing a promissory note referring to the deed of trust could not save it. *Id.* at 665-66. But the Court did not dismiss the signature of the subsequent promissory note simply because it was a separate document. *See id.* at 665. Instead, the Court reasoned that the promissory note was not "an attachment to, or an integral part of the 1974 deed of trust as the note was signed nearly one year later." *Id.* In contrast, here, the two deeds of trust were signed within a day of one another. The Court also reasoned that "[a] promissory note and a deed of trust are two separate and distinct instruments." *Id.* Again in contrast, both documents signed by the Avakians were deeds of trust, not one deed of trust and another entirely different type of instrument.

No. 14-60175

together creating a valid deed of trust signed by both spouses.  The district court erred in holding to the contrary.[8]

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's declaratory judgment in Burnette Avakian's favor and REMAND for further proceedings consistent with this opinion.

---

[8] Because we find that the Citibank deeds of trust together form a valid and enforceable instrument, we do not reach Citibank's alternative arguments that are based on equitable theories.